Howard N. Wollitz, SBN 58674
WILLIAMS & WOLLITZ PC
1539 Westwood Blvd., Second Floor
Los Angeles, California 90024
(310) 801-7185
hwollitz@wwlawcorp.com

Attorneys for Plaintiff
KEMPER INDEPENDENCE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLAN DOUGLAS BOYER; RAYMOND MENDOZA, JR.,<br><br>Defendants. | Case No.<br><br>**COMPLAINT OF KEMPER INDEPENDENCE INSURANCE COMPANY FOR DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY** |

Plaintiff KEMPER INDEPENDENCE INSURANCE COMPANY ("KEMPER") for its Complaint for declaratory relief, alleges:

## THE PARTIES

1. At all times herein mentioned, KEMPER was and is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Jacksonville, Florida. KEMPER does not have a substantial predominance of its corporate activities in the State of California. Its corporate "nerve center" is in Jacksonville, Florida. Thus, KEMPER is a resident and citizen of the State of Illinois, as well as of the United States.

2. KEMPER is informed and believes, and on that basis alleges, that defendant Allan Douglas Boyer ("Boyer"), was at all relevant times a resident of the State of California, County of Merced.

2. KEMPER is informed and believes, and on that basis alleges, that defendant Raymond Mendoza, Jr. ("Mendoza"), was at all relevant times a resident of the State of California, County of Merced.

## JURISDICTION AND VENUE

4. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, in that KEMPER is an Illinois corporation with its principal place of business in Jacksonville, Florida, and thus is a citizen of the State of Illinois, whereas defendants Boyer and Mendoza are citizens of the State of California. The matter in controversy exceeds the sum of $75,000 based on the allegations in paragraph 8. below. Further, the subject insurance policies have liability limits totaling $1,500,000 for each occurrence and, because KEMPER seeks a declaration of noncoverage, such policy limits themselves establish that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6. Mendoza is named as a defendant in this action so as to bind him to the determinations made herein regarding the coverage, if any, provided by the subject insurance policies issued by KEMPER to Boyer. No affirmative relief is sought against Mendoza. KEMPER hereby offers to dismiss Mendoza from this action upon entry of a stipulation and order that he will be bound by the coverage determinations of this Court in this action.

## FACTUAL BACKGROUND

### The Accident

7. On August 16, 2020, a houseboat owned by Boyer, a 40'1970 Exchequer, with a 115 hp engine, ("Boyer's Houseboat") broke loose from its mooring in high winds that day on Lake McClure in Mariposa County, California. Boyer's Houseboat was one of many houseboats that broke loose from their moorings due to the high winds. Boyer's Houseboat is insured by Allstate Insurance Company with a liability limit of $500,000.

8. KEMPER is informed and believes, and on that basis alleges, that Boyer's Houseboat had floated on top of a metal mooring ball due to the high winds. Mendoza was on the lake in his boat and Boyer asked if he would assist in pulling Boyer's Houseboat off the ball. Boyer fixed a towline to the ball and Mendoza tried to pull the ball from under Boyer's Houseboat. While attempting this pull, a metal piece to which the towline was attached broke off the mooring ball and shot back hitting Mendoza in the head. He sustained serious injuries including the loss of sight in one eye ("the Accident").

9. Mendoza filed a lawsuit against Boyer and others on August 3, 2021, entitled *Raymond Mendoza, Jr. v. Twin Lakes Management Company, Allan Douglas Boyer, Merced Irrigation District, and Does 1 through 30,* Merced County Superior Court Case No. 21CV-02510 ("the Underlying Action"). Allstate is defending Boyer in the Underlying Action.

**KEMPER'S Policies**

10. On October 4, 2019, KEMPER issued two insurance policies ("the Policies") to Boyer as follows:

    a. Personal Auto Policy No. 1061280701, with a Personal Umbrella Liability Endorsement ("the Umbrella Endorsement"), for the policy period October 4, 2019, to October 4, 2020, ("the Auto/Umbrella Policy") to Named Insured Doug Boyer, 5916 La Quinta Court, Merced, CA 95340; and

    b. Homeowners Policy No. 1061280702, for the policy period October 4, 2019, to October 4, 2020, ("the Homeowners Policy") to Named Insured Doug Boyer, 5916 La Quinta Court, Merced, CA 95340.

11. The Auto/Umbrella Policy includes Endorsement EB 1000 (05 17) entitled Personal Umbrella Liability Coverage Schedule C – Watercraft Liability which, under the heading Description of Watercraft, is blank.

12. The Umbrella Endorsement, (EA 1023 (05 17), includes a watercraft exclusion as follows:

> **III - Exclusions**
>
>     **A.** The Coverages outlined in Section II of this endorsement do not apply to:
>
>     . . .
>
>         **8.** Watercraft, including the use of any watercraft for water skiing, aquaplaning or any sport in which objects or persons are towed.
>
>     However, this Exclusion (**A.8.**) does not apply to:
>
>         **a.** Watercraft you own with an inboard or inboard/outdrive motor(s) of 50 horsepower or less, outboard motor(s) of 25 horsepower or less, or

nonpowered watercraft, including sailboats less than 26 feet long;

    **b.**   All other watercraft, up to 46 feet long, which you rent or borrow on a temporary, short-term basis; or

    **c.**   Any other watercraft listed on Schedule C when "underlying insurance" provides coverage for the "occurrence". You must notify us prior to the next renewal of this endorsement or within 30 days, whichever is longer, after you become the owner of a watercraft not covered under 8.a. above;

13. The Homeowners Policy includes a Boatowners Endorsement (VS 2064 (07 05)) which provides on Page 4 of 9 in relevant parts as follows:

**LIABILITY COVERAGES**

With respect to the coverage provided by this endorsement, **Section II Liability Coverage, Coverage E Personal Liability** is deleted and replaced by the following:

**WATERCRAFT LIABILITY**

If a claim is made or a suit is brought against a "covered person" for damages because of "bodily injury" or "property damage" caused by a "boat" or "personal watercraft" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "covered person" is legally liable. Damages include prejudgment interest awarded against a "covered person" . . . .

14. On Page 3 of 4 of the Amended Declarations to the Homeowners Policy, under the heading Boatowners Endorsement, the only boat listed is a 1996 MB Sports Runabout. Boyer's Houseboat is not listed in the Boatowners Endorsement to the Homeowners Policy.

# CLAIM FOR RELIEF

(Declaration of Noncoverage – No Duty to Defend or Indemnify – Diversity Jurisdiction, 28 U.S.C. § 2201)

15. KEMPER refers to the foregoing paragraphs 1 through 14 and incorporates the same herein by this reference.

16. An actual controversy has arisen, and now exists, between KEMPER, Boyer, and Mendoza in that KEMPER contends and is informed and believes that Boyer and Mendoza deny, or will deny, that the Policies do not apply to the Accident because, among other reasons:

   (a) Boyer's Houseboat is not listed in the Personal Umbrella Liability Coverage Schedule C – Watercraft Liability under the heading Description of Watercraft in the Auto/Umbrella Policy;

   (b) based on the size and horsepower of Boyer's Houseboat, it would be excluded from coverage under the Umbrella Endorsement in the Auto/Umbrella Policy based on Exclusion A.8.; and

   (c) Boyer's Houseboat is not listed under the heading Boatowners Endorsement in the Amended Declarations to the Homeowners Policy.

17. As a result, KEMPER seeks a declaration that it has no obligation to defend or indemnify Boyer as to the Underlying Action.

WHEREFORE, KEMPER prays for judgment as follows:

1. For a declaration that KEMPER has no obligation under the Policies to defend or indemnify Boyer as to the Underlying Action, and

2. For such other and further relief as the Court deems appropriate.

WILLIAMS & WOLLITZ PC


By: /s/ Howard N. Wollitz
     Howard N. Wollitz
Attorneys for Plaintiff
KEMPER INDEPENDENCE INSURANCE COMPANY

Complaint for Declaratory Relief