UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY, an Illinois corporation, | No. 2:22-cv-1458 MCE DB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| ALLAN DOUGLAS BOYER; RAYMOND MENDOZA JR., | |
| Defendants. | |

This matter came before the undersigned on February 17, 2023, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment against defendant Allan Douglas Boyer.[1]  (ECF No. 25.)  Attorney Howard Wollitz appeared via Zoom on behalf of the plaintiff.  No appearance was made by the defendant.  At that time, oral argument was heard and the motion was taken under submission.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

////

---

[1] Defendant Raymond Mendoza Jr. has been dismissed from this action.  (ECF No. 21.)

1

**BACKGROUND**

Plaintiff's counsel commenced this action on August 17, 2022, by filing a complaint and paying the required filing fee.  (ECF No. 1.)  The complaint alleges that plaintiff Kemper Independence Insurance Company ("Kemper") is an insurance company organized in Illinois, with a "nerve center" in Jacksonville, Florida.  (Compl. (ECF No. 1) at 2.[2])  Defendant is a California resident.[3]

On October 4, 2019, Kemper issued defendant a personal auto policy with a personal umbrella liability endorsement, Policy No. 1061280701, and a homeowners insurance policy, Policy No. 1061280702.  (Id. at 4.)  On August 16, 2020, a houseboat owned by defendant Boyer brook loose from its mooring while on Lake McClure in Mariposa County, California.  (Id.)  Raymond Mendoza also had a boat on the lake that day.  (Id.)  Boyer and Mendoza attempted to tow Boyer's boat.  (Id.)  However, "a metal piece to which the towline was attached broke off the mooring ball" and hit Mendoza in the head causing the loss of sight in one eye.  (Id.)  Mendoza later filed a lawsuit against Boyer ("underlying action").[4]  (Id.)  Plaintiff's complaint seeks a "Declaration of Noncoverage—No Duty to Defend or Indemnify" asserting that Boyer's houseboat is not covered under either of the insurance policies issued by plaintiff to Boyer and, therefore, plaintiff has no duty to defend or indemnify Boyer in the underlying action.  (Id. at 6.)

On September 29, 2022, plaintiff filed proof of service on defendant Boyer.  (ECF No. 7.)  On October 14, 2022, plaintiff requested defendant Boyer's default.  (ECF No. 9.)  The Clerk entered defendant Boyer's default on October 17, 2022.  (ECF No. 11.)  Plaintiff filed the motion for default judgment on November 18, 2022.  (ECF No. 15.)

On January 11, 2023, the undersigned ordered plaintiff to serve a copy of the motion on defendant Boyer and to file proof of such service.  (ECF No. 23.)  On January 19, 2023, plaintiff

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The complaint asserts that the court has diversity jurisdiction over this action.  (ECF No. 1 at 2.)

[4] According to the complaint Allstate Insurance Company is defending defendant Boyer in the underlying action.  (Compl. (ECF No. 1) at 3.)

filed proof of service of the motion on defendant Boyer. (ECF No. 24.) The matter came for hearing before the undersigned on February 17, 2023. (ECF No. 25.) Attorney Howard Wollitz appeared on behalf of the plaintiff. No appearance was made by defendant Boyer. (ECF No. 25.) On June 13, 2023, plaintiff filed a supplemental declaration in support of the motion for default judgment. (ECF No. 26.)

**LEGAL STANDARDS**

**I.   Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute

////

////

3

> concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I.   Plaintiff's Motion for Default Judgment

####    A.   The Eitel Factors Favor Entry of Default Judgment

Examining the complaint and plaintiff's motion for default judgment in light of the Eitel factors, the undersigned finds that overall the Eitel factors weigh in favor of granting plaintiff's motion for default judgment.

####    1.   Possibility of Prejudice to the Plaintiffs

The first Eitel factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. Eitel, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing Pepsico, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

Here, plaintiff seeks declaratory relief which can only be obtained through a judgment. (Compl. (ECF No. 1) at 6.) And "without entry of default [plaintiff] would be continuously exposed to liability in the underlying" action. Aspen Ins. UK Ltd. v. Killarney Const. Co., Inc., No. C 11-1294 RS, 2012 WL 1831498, at *2 (N.D. Cal. May 18, 2012). Because the defendant has refused to defend this action, if default judgment is not entered plaintiff would be left without a proper remedy. Accordingly, the first Eitel factor weighs in favor of granting default judgment on behalf of the plaintiff.

####    2.   Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third Eitel factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of

4

1  default judgment where the complaint sufficiently states a claim for relief upon which the
2  plaintiff may recover. PepsiCo, Inc., 238 F. Supp.2d at 1175; see Danning v. Lavine, 572 F.2d
3  1386, 1388 (9th Cir. 1978).

    As noted above, the complaint asserts a cause of action for declaratory relief pursuant to the declaratory judgment act, 28 U.S.C. § 2201. (Compl. (ECF No. 1) at 6.) Where, as is the case here, a declaratory judgment action is based on diversity jurisdiction California law controls. See St. Paul Mercury Ins. Co. v. Ralee Eng'g Co., 804 F.2d 520, 522 (9th Cir. 1986). "California and federal courts have held that declaratory relief is appropriate to negate an insurer's duty to defend." Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc., Case No. 15-cv-1253 YGR (JSC), 2016 WL 9045622, at *5 (N.D. Cal. Apr. 11, 2016).

    "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (Cal. 1993).

> If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage. On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance.

Scottsdale Ins. Co. v. MV Transportation, 36 Cal.4th 643, 655 (Cal. 2005).

    Here, the complaint alleges that there are two insurance policies at issue: (1) a personal auto policy with a personal umbrella liability endorsement, Policy No. 1061280701; and (2) a homeowners insurance policy, Policy No. 1061280702. (Compl. (ECF No. 1) at 4.) As to the personal auto policy, that policy includes an endorsement for listed "Watercraft Liability," however, no watercraft are listed. (Id.) As to the homeowners insurance policy, that policy also includes an endorsement for listed boats. (Id.) Defendant's houseboat, however, is not listed in that endorsement. (Id.) In this regard, the complaint alleges that defendant Boyer's houseboat was not covered under either insurance policy at issue. (Id. at 6.)

////

1    Plaintiff has provided a copy of the insurance policies at issue.  (ECF No. 26-1: ECF No.
2  26-2.)  Review of those policies finds that they confirm the allegations found in the complaint.
3  (ECF No. 26-1 at 30, 41-42; ECF No. 26-2 at 8.)  "Where an insurance policy's plain language
4  excludes coverage for injuries . . . the insurer has no duty to defend."  Mesa Underwriters
5  Specialty Insurance Co. v. Paradise Skate, Inc., Case No. 15-cv-1253 YGR (JSC), 2016 WL
6  9045622, at *6 (N.D. Cal. Apr. 11, 2016); see also Atain Specialty Insurance Co. v. All New
7  Plumbing, Inc., No. 2:18-cv-2746 MCE KJN, 2019 WL 3543854, at *4 (E.D. Cal. Aug. 5, 2019)
8  ("Because McCall's bodily injury suit is plainly contemplated in the Policy as being excluded,
9  and because the Policy explicitly states that Atain would have no duty to defend where the issue
10 was excluded, the merits of Atain's declaratory judgment action are sound."); RLI Insurance
11 Company v. City of Visalia, 297 F.Supp.3d 1038, 1053 (E.D. Cal. 2018) ("The RLI Policy
12 explicitly excludes from coverage the cost of removal, nullification, and cleaning up
13 environmental contamination.  Therefore, there can be no doubt that RLI had no duty to defend
14 insofar as plaintiff in the Underlying Action sought damages for the cost of removing, nullifying
15 or cleaning up contaminating substances."); Burlington Ins. Co. v. Alan, No. C 12-3372 SI, 2013
16 WL 1819996, at *4 (N.D. Cal. Apr. 30, 2013) ("As such, there is no potential for coverage of the
17 wrongful death claim, and Burlington therefore has no duty to defend or indemnify Alan in the
18 underlying Green action.").
19    Taken as true, the undersigned finds the allegations of the complaint are sufficient and
20 state a meritorious claim.  Accordingly, the undersigned finds that these two factors weigh in
21 favor of granting default judgment.

22         **3.    Sum of Money at Stake**

23    Under the fourth Eitel factor "the court must consider the amount of money at stake in
24 relation to the seriousness of the defendant's conduct."  PepsiCo, Inc., 238 F.Supp.2d at 1176-77.
25 Where a large sum of money is at stake, this factor disfavors default judgment.  Eitel, 782 F. 2d.
26 at 1472.  Here, plaintiff seeks no monetary relief against the defendant.  (Pl.'s MDJ. (ECF No.
27 15) at 8.)  Accordingly, the undersigned finds that this factor does not weigh against entry of
28 default judgment.

### 4. Possibility of Disputed Material Facts

The fifth Eitel factor examines whether a dispute exists regarding material facts. Vogel v. Rite Aid Corp., 992 F. Supp. 998, 1012 (2014) (citing PepsiCo, 238 F. Supp. 2d. at 1177; Eitel, 782 F.2d. at 1471-72). As a result of defendant's default, all well-pleaded factual allegations made by plaintiff are now taken as true. TeleVideo Systems, 826 F.2d at 917 (citing Geddes, 559 F.2d at 560). Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiff's favor. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor contemplates whether defendant's default was due to excusable neglect. PepsiCo, 238 F.Supp.2d at 1177; Eitel, 782 F.2d at 1471-72. This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, Inc. v. Castworld Productions, 219 F.R.D. 494, 500 (2003) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Defendant has been repeatedly served with documents related to this action and has not participated.[5] (ECF Nos. 7, 24.) Under such circumstances, it does not appear that the defendant's default was due to excusable neglect. Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

### 6. Policy of Deciding Cases on the Merits

The seventh Eitel factor emphasizes the "general rule that default judgments are ordinarily disfavored." Eitel 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811,

---

[5] Plaintiff's counsel asserted at the February 17, 2023 hearing of the motion for default judgment that, although defendant Boyer has not appeared in this action, counsel for plaintiff had been in communication with attorney Michael L. Sloan on defendant Boyer's behalf. ECF No. 24 at 2; ECF No. 25. This further supports the finding that defendant's default was not the result of excusable neglect.

7

814 (9th Cir. 1985)).  However, defendant's refusal to participate in this action has rendered a decision on the merits impossible.  Thus, this factor does not weigh against default judgment.

### 7. Summary of <u>Eitel</u> Factors

In sum, upon consideration of all the <u>Eitel</u> factors the undersigned finds that plaintiff is entitled to a default judgment against the defendant and recommends that such a default judgment be entered.  The undersigned therefore turns to plaintiff's requested injunctive relief.

### B. Terms of Judgment

Having found that granting plaintiff's motion for default judgment is appropriate, the undersigned must now address the issue of relief.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  Plaintiff's motion for default judgment seeks declaratory relief, which is consist with the relief sought by the complaint.  (Compl. (ECF No. 1) at 6; Pl.'s MDJ (ECF No. 15) at 7.)

As noted above, plaintiff is entitled to declaratory judgment declaring that plaintiff's insurance policies with defendant Boyer raise no obligation to defend or indemnify Boyer in the underlying action.  Plaintiff does not seek any other form of relief in this action.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 18, 2022 motion for default judgment (ECF No. 15) be granted;

2. Judgment be entered against defendant Allan Douglas Boyer;

3. The Court declare that plaintiff had and has no duty to defend or indemnify defendant in the underlying action; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\kemper1458.mdj.f&rs